JOY COSSICH LOBRANO, Judge.
| defendant, Vanessa 0. Pierre (“Defendant”) was arrested on February 7, 2005 on an outstan&ng warrant relative tó: (1) two counts of theft of merchandise valued between one hundred and five hundred dollars; (2) two counts of forgery; and (3) one count of identity theft. On the same date, she was released from custody on a Return on' Recognizance bond (“ROR bond”)[1] in the amount of seventeen thousand dollars ($17,000.00). The address provided by Defendant and listed on the bond was 2412 Lamánche Street, New Orleans, LA 70117.
On July 8, 2005, the State of Louisiana (“State”) charged Defendant by bill of information with one count of identity theft in violation of La. É.S. 14:67.16, in Orleans Parish Criminal District Court Case 461-028.[2]
Arraignment was set for July 18, 2005. On that date, Defendant appeared and entered a plea of not guilty and Defendant was notified in open court that the |2trial date was set for September 7, 2005. Hurricane' Katrina and the levee breaks impacted the area on August 29, 2005, thus trial was not held on September 7, 2005.
On January 4, 2007,. the District court held an unscheduled judicial activity" hear *172 ing. Defendant did not appear for .the hearing, but the district court set a status hearing for January 8, 2007 and ordered that the Defendant be notified of the hearing by certified mail. Defendant failed to appear in court for the January 8, 2007 status hearing because she was not served.[3] The district court issued an alias capias for Defendant’s arrest without bond, and the matter was continued without date.
According to records from the Texas Department of Criminal Justice, Defendant was convicted of aggravated assault in Texas and sentenced on March 22, 2008 to serve a term of five years. She was received into the Texas Department of Criminal Justice’s custody on June 3, 2008 and released on March 22,2013.
On November 12, 2014, defense counsel appeared in Orleans Parish Criminal District Court on behalf of Defendant and reported that Defendant was in state custody in Jefferson Parish at that time. On that date, the State filed a motion and order for writ of habeas corpus ad 'prose-quendum, and a pre-trial conference was set for November 18, 2014. Defense counsel filed a motion to quash the bill of information on November 13, 2014, which was set for hearing on November 18, 2014. The district court also recalled the alias capias on that date because Defendant was in the custody of the sheriff and was not brought to court. On |,.¡November 18, 2014, defense counsel waived Defendant’s presence. After hearing argument, the district court granted the Defendant’s motion to quash the bill of information based on untimeliness of the commencement of trial in violation of Defendant’s right to a speedy trial.
The State timely appeals the district court’s ruling granting Defendant’s motion to quash the bill of information. This case presents the identical issue raised in State of Louisiana v. Vanessa O. Pierre, case number 2015-KA-0293. Accordingly, we adopt the analysis and discussion of that opinion as though set forth fully herein. After a thorough review of the record and the relevant jurisprudence, and based on the reasons set forth in State of Louisiana v. Vanessa O. Pierre, case number 2015-KA-0293, we find no statutory or constitutional violation of Defendant’s right to a speedy trial. We therefore reverse the district court’s judgment and remand this matter for further proceedings.
REVERSED AND REMANDED.

. In State v. Sorden, 2009-1416 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, this Court explained: “An ROR bond is bail without a surety. La.C.Cr.P. art. 325." Id. at p. 9, 45 So.3d at 197. Such bonds generally feature an unsecured financial obligation on the part of the released party in the event of a default. See La.C.Cr.P. art. 327 A(4). Id. The primary remedy for a breach of the bond is revocation of the bond and possible re-incarceration. See La.C.Cr.P. art. 346(1.). Id.

. On April 15, 2005, Defendant was also charged with two counts of theft of merchandise in the separate but related case, No. 458-362 in Orleans Parish Criminal District Court, On July 11, 2005, case 461-028 was transferred to Section C, Orleans Parish Criminal District Court, to follow case 458-362.

. According to Defendant’s brief, her Ninth Ward home was destroyed in the storm and she was evacuated to and continued to reside after the storm in Houston, Texas.